# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YIENG YANG,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>　　　　　Respondents. | Case No. 1:26-cv-01446-JLT-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 3) |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner has moved for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

1

Petitioner contends that counsel should be appointed because he "has a strong chance of success on the merits" "the complexity of the law on immigration detention," and his "status as a detained immigrant," which makes presenting his case without the assistance of counsel difficult. (ECF No. 3 at 2.)  Upon review of the petition, the Court finds that Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. The Court finds that the interests of justice do not require the appointment of counsel at the present time. However, if upon review of Respondent's response to the petition, the Court finds that the legal issues are more complex than they currently appear, the Court may revisit Petitioner's request for counsel.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to appoint counsel (ECF No. 3) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **February 20, 2026**

STANLEY A. BOONE
United States Magistrate Judge

2