# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

YIENG YANG,

      Petitioners,

    v.

WARDEN OF THE GOLDEN STATE
ANNEX ICE DETENTION FACILITY, et al.,

      Respondents.

Case No. 1:26-cv-01446-SAB-HC

ORDER DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS AS MOOT
AND FOR FAILURE TO PROSECUTE AND
DIRECTING CLERK OF COURT TO
CLOSE CASE

(ECF No. 1)

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a Untied States magistrate judge. (ECF Nos. 9, 11, 12.)

**I.**

**BACKGROUND**

On February 19, 2026, Petitioner filed a petition for writ of habeas corpus, asserting that: (1) Petitioner's continued detention in immigration custody violates due process because there is no significant likelihood of removal in the reasonably foreseeable future; (2) ICE's third country removal procedures violates the Fifth Amendment, the Immigration and Nationality Act ("INA"), the Convention Against Torture ("CAT"), and implementing regulations; (3) punitive third-country banishments violate the Fifth and Eighth Amendments; and (4) Petitioner's

1

continued detention violates due process, 8 C.F.R. § 241.123, and the Administrative Procedures Act. (ECF No. 1 at 13–18.[1]) On March 13, 2026, Respondents filed an answer. (ECF No. 10.) On March 30, 2026, Petitioner filed a traverse. (ECF No. 13.) Per the Court's order, Respondents filed a status report that Petitioner has been removed from the United States. (ECF Nos. 14, 15.)

**II.**

**DISCUSSION**

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

In Ground One of the petition, Petitioner challenged his continued detention in immigration custody and requested release from custody. (ECF No. 1 at 13–14, 19.) As Petitioner has been removed from the United States and is no longer in immigration detention, the Court finds that no case or controversy exists with respect to Ground One, which should be dismissed as moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (holding habeas petition challenging only length of immigration detention was moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing federal court's inherent power to "act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders).

On May 21, 2026, a court order mailed to Petitioner was returned as undeliverable. It is Petitioner's responsibility to keep the court apprised of his current address at all times. See Local Rule 183(b). Absent notice of a party's change of address, service of documents at the prior address of the party is fully effective. Local Rule 182(f). Furthermore, if mail directed to a pro se petitioner is returned by the U.S. Postal Service, and if the petitioner fails to notify the court within thirty days thereafter of a current address, the court may dismiss the action without prejudice for failure to prosecute. Local Rule 183(b). Petitioner has not notified the Court of his current address. It has been over thirty days since mail was returned by the U.S. Postal Service as undeliverable.

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" PPA Prods. Liab. Litig., 460 F.3d at 1226 (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)).

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because the Court cannot hold this case in abeyance indefinitely awaiting compliance by Petitioner. The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is outweighed by the factors in favor of dismissal.

Finally, the Court finds that there are no feasible less drastic alternatives given Petitioner's removal from the United States. Therefore, dismissal is appropriate.

### III.

### ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. The petition for writ of habeas corpus is DISMISSED as moot and for failure to prosecute; and

2. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated:   **July 2, 2026**

STANLEY A. BOONE
United States Magistrate Judge